IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>ABAS YASSIN ALI,<br><br>                Defendant. | 8:22CR129<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on defendant Abas Yassin Ali's ("Ali") Motion to Suppress (Filing No. 140) "any evidence, and the fruits thereof, obtained as a result of the search" of phone records conducted pursuant to a warrant. Ali asserts that search violated the Fourth Amendment to the United States Constitution because the warrant lacked reliable indicia to support probable cause and sufficient particularity. Because of these purported deficiencies, Ali argues the warrant issued for these records amounted to an unconstitutional general warrant. *See Stanford v. Texas*, 379 U.S. 476, 480-81 (1964) (describing the purpose of the Fourth Amendment to forbid general warrants).

Ali's motion was assigned to a magistrate judge,[1] who held an evidentiary hearing on the matter on August 30, 2023. *See* 28 U.S.C. § 636(b)(1)(B) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations for the disposition of a motion to suppress evidence). The magistrate judge subsequently issued her Findings and Recommendation (Filing No. 175) recommending that Ali's motion be denied. Specifically, she concluded (1) the search warrant "affidavit set forth sufficient facts" to establish probable cause and (2) regardless

---

[1] The Honorable Susan M. Bazis, United States Magistrate Judge for the District of Nebraska.

of any overbreadth concerns, the good-faith exception[2] should apply because reliance on the warrant was objectively reasonable.

Having received Ali's objections to the magistrate judge's Findings and Recommendation (Filing Nos. 179, 184) and the government's response (Filing No. 183), the Court now reviews the objected-to portions of her determinations de novo. *See id.* § 636(b)(1). In particular, Ali objects to the magistrate judge's conclusions that (1) the search warrant affidavit "provided lawfully adequate probable cause" for its issuance, (2) "the search warrant was not overly broad," and (3) the good-faith exception "was applicable under the circumstances."

After carefully reviewing the parties' submissions and the balance of the record, the Court finds the magistrate judge's Findings and Recommendation should be accepted over these objections. *See id.* ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

In doing so, the Court echoes the magistrate judge's concerns regarding the warrant's failure to "identify the offense being investigated." *See Rickert v. Sweeney*, 813 F.2d 907, 909 (8th Cir. 1987) (concluding that a warrant's reference to a statutory offense may "sufficiently limit the scope of a search" to satisfy the Fourth Amendment's particularity requirement). The sheer breadth of the records sought in this case, which include various types of detailed location and correspondence data covering a range of over fifteen months, heightens the Court's concerns about the warrant's lack of detail as to the suspected offenses and their timeline. *Cf. United States v. Shrum*, 59 F.4th 968, 973-74 (8th Cir. 2023) (concluding the search warrant listing a broad, "catch-all category

---

[2]Under the good-faith exception, suppression of evidence is inappropriate where an officer's "objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *United States v. Leon*, 468 U.S. 897, 922-23 (1984) (further stating that the exclusionary rule may still apply where "a warrant [is] so facially deficient . . . that the executing officers cannot reasonably presume it to be valid.").

of evidence to be seized" was sufficiently particular where it was "limited by the phrase 'related to a sexual abuse/exploitation investigation'"); *United States v. James*, 3 F.4th 1102, 1106 (8th Cir. 2021) (finding the search warrants for cell-tower records were sufficiently particular as they were "constrained—both geographically and temporally—to the robberies under investigation").

Further, the fact that such phone-record searches are executed by cellular providers, who are unlikely to be privy to the broader investigatory purposes of a search, exacerbates the dangers presented by a warrant's lack of particularity. *Cf. United States v. Riesselman*, 646 F.3d 1072, 1077 (8th Cir. 2011) (concluding the presence of a more detailed affidavit at the time of the officers' search "limited the scope of the search to the items listed in the attachment" and cured the warrant's lack of particularity). Altogether, these circumstances present a conceivable threat of law enforcement engaging in "exploratory rummaging" through an individual's highly personal and detailed data. *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971); *see also Riley v. California*, 573 U.S. 373, 395-96 (2014) (discussing the qualitative difference between the search of a smart phone and a routine search of physical records); *Carpenter v. United States*, 585 U.S. ___, ___, 138 S. Ct. 2206, 2217 (2018) (quoting *United States v. Jones*, 565 U.S. 404, 415 (2012) (Sotomayor, J., concurring)) in stating that cell-site records provide "an intimate window into a person's life, revealing not only his particular movements, but through them his 'familial, political, professional, religious, and sexual associations'").

That said, the Court agrees with the magistrate judge that the good-faith exception applies in this case based on the totality of the circumstances. *See United States v. Saddler*, 19 F.4th 1035, 1040 (8th Cir. 2021) (concluding an officer's reliance on an unconstitutionally overbroad warrant was objectively reasonable in light of the information the officer "provided in the affidavit and learned during the investigation"); *United States v. Szczerba*, 897 F.3d 929, 938 (8th Cir. 2018) (deciding the good-faith

exception applied where the challenged "warrant was not so obviously deficient that any reasonable officer would have known that it was constitutionally fatal").

The Court also finds the magistrate judge was correct in concluding that the search warrant affidavit "set[] forth sufficient facts to lead a prudent person to believe that there [was] a fair probability that contraband or evidence of" the investigated offenses would be found in the records sought. *United States v. Johnson*, 75 F.4th 833, 842 (8th Cir. 2023) (internal quotations omitted); *see also Illinois v. Gates*, 462 U.S. 213, 236 (1983) (stating "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review" and a magistrate's probable cause finding is given "great deference"). Because of this,

IT IS ORDERED:
1. Defendant Abas Yassin Ali's objections (Filing Nos. 179, 184) to the magistrate judge's Findings and Recommendation are overruled.
2. The magistrate judge's Findings and Recommendation (Filing No. 175) is accepted.
3. Ali's Motion to Suppress (Filing No. 140) is denied.

Dated this 6th day of December 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge