IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiffs,<br><br>    vs.<br><br>ABAS YASSIN ALI<br><br>                      Defendant. | **8:22CR129**<br><br>**ORDER** |

      Defendant, who is now incarcerated at the Douglas County Correctional Center ("DCC") and proceeding *pro se*, sent a letter to the Court setting out two primary complaints. First, Defendant maintains he has been unable to access the law library at DCC. (Filing No. 223.) Defendant contends he needs law library access to review his discovery and prepare his briefs. In his letter, Defendant requests that the Court order that he be allowed 10 hours per week in the law library, like what was ordered by another judge in this District in *US v. Bartunek*, Case No. 8:17CR28. Alternatively, Defendant requests that the Court order the U.S. Marshals to move him to a smaller jail which, according to Defendant, would properly support his legal needs. Second, Defendant's letter alleges that his standby counsel has not complied with his request to contact the U.S. Attorney to determine whether he would object to Defendant's request for additional law library access. Defendant requests that the Court inform standby counsel if he is required to contact the U.S. Attorney on Defendant's behalf.[1]

      Upon receipt of Defendant's letter, the undersigned contacted the U.S. Marshals Office to determine if Defendant was still not receiving his law library time. The Court contacted the U.S. Marshals Office because the undersigned was concerned that things may have changed since Defendant sent his letter. The undersigned also wanted to make sure that DCC knew Defendant was proceeding *pro se*. The U.S. Marshals Office advised that DCC did not know Defendant was *pro se*. Now that DCC knows Defendant is *pro se*, Defendant should get at least 4 hours a week in the law library to review his discovery. It is also the Court's understanding from the Marshals

---

[1] Defendant specifically stated in his letter that he is not requesting a hearing or that standby counsel withdraw from the case.

that Defendant may perform legal research in his mod throughout the day and into the night on a tablet.[2] Based on the information the Court has now, it will not enter an order granting Defendant 10 hours a week in the law library.

The Court will also note that the order in the *Bartunek* case was entered when the defendant in that case was preparing for trial. This is not the situation here. Further, at his last hearing, Defendant indicated he had several motions and briefs prepared, and that he just needed additional time to review discovery to determine if additional motions and briefs needed to be prepared. Defendant requested 90 days to do so, and the Court granted this request. It appears that Defendant's access to the law library and ability to perform research outside the law library should be sufficient for Defendant to meet the deadline. However, if any of the information in this Order is inaccurate, Defendant may advise the Court and the Court will hold a hearing to reconsider this Order.[3]

As stated above, Defendant would like the Court to provide direction as to when standby counsel must contact the U.S. Attorney on Defendant's behalf. Standby counsel should contact the U.S. Attorney on Defendant's behalf regarding urgent matters because it is difficult for Defendant to communicate with the U.S. Attorney when in custody. However, if a request involves something that is not urgent, then Defendant can write to the U.S. Attorney regarding the matter. In this case, the nature of Defendant's request was urgent because Defendant could not review his discovery without having access to the law library. Therefore, standby counsel should have reached out to the U.S. Attorney to learn their position on Defendant's request for additional law library access time. However, it is not clear to the Court that standby counsel understood that Defendant was not getting law library time. It seems from the letter that standby counsel did not think Defendant had received his discovery yet. In any event, Defendant needs to be very clear with his standby counsel as to what he is asking from the U.S. Attorney so standby counsel can communicate it correctly to him. It may be best for standby counsel to convey any requests by

---

[2] The Court was informed that Defendant could access legal research from a tablet in his mod between the hours of 8:00 a.m. to 3:00 p.m. and from 4:00 p.m. to 9:30 p.m.

[3] The Court also will not order that Defendant to be moved to a smaller facility. In this Court's experience, smaller facilities do not have the technology necessary for Defendant to review his discovery.

Defendant to the U.S. Attorney by email, so the request and response are in writing if issues develop later.

Accordingly,

**IT IS ORDERED:**

1. Defendant's request for 10 hours of law library time is denied. However, if the information the Court has set out in this Order is inaccurate, or once Defendant has started to review his discovery there are additional facts the Court should consider, Defendant may reassert this issue with the Court.

2. Standby counsel shall facilitate communication on urgent matters between Defendant and the U.S. Attorney.

Dated this 3rd day of April, 2024.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge